UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MICHIGAN, )<br>      Plaintiff, )<br> )<br>-v- )<br> )<br>LOUIS WILBON, )<br>      Defendant. )<br>_____) | No. 1:12-cv-952<br><br>HONORABLE PAUL L. MALONEY |

## ORDER OF REMAND

State defendant Louis Wilbon has filed, *pro se*, a Notice of Removal in this court, alleging that removal to the federal court system is necessary to protect his civil rights. (ECF No. 1.) In particular, Mr. Wilbon alleges that he is being charged with uttering and publishing a forged or altered check, despite the fact that the State of Michigan lacks any "real, relevant or probative evidence." Mr. Wilbon also alleges that the state intends to convict him using a "ringer jury," and that his court-appointed attorney unreasonably refuses to raise these claims on Mr. Wilbon's behalf.

Under 28 U.S.C. § 1443, a criminal defendant may remove his state prosecution to the federal courts where he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or where he is prosecuted for acting "under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443. To effect removal, the defendant must file a notice in the district court, signed per Fed. R. Civ. P. 11, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1455(a). The defendant must remove within "30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," and the notice must state all grounds for removal. *Id.* § 1455(b)(1)–(2). A

district court receiving such a notice of removal must review it promptly to determine if the removal appears proper. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4).

Mr. Wilbon did not include with his notice for removal "a copy of all process, pleadings, and orders" served on him in the state-court matter. Nor did he provide sufficient evidence or allegations to allow the court to determine that his notice of removal is timely. The statute makes these requirements mandatory: a removing defendant "shall" include a copy of the state-court proceedings, and a notice of removal "shall not" be filed more than 30 days after arraignment. *Id.* § 1455. Further, Mr. Wilbon cites no civil-rights law under which his removal would be proper under section 1443(1) or (2). *See Georgia. v. Rachel*, 384 U.S. 780, 792 (1966) ("[T]he phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality"; "contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443."). Because Mr. Wilbon's notice of removal does not meet these statutory requirements, the court finds that removal would not be proper.

For these reasons, this action is hereby **REMANDED** to the Circuit Court of Kent County, Michigan.

**IT IS SO ORDERED.**

Date:   September 18, 2012                    /s/ Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                       Chief United States District Judge